## Orndorff v. Commonwealth.

May 18, 1943.

C. B. Crossland, Jr., for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The grand jury of McCracken county, Kentucky, returned a joint indictment against appellant and Robert Broyles, Jr., charging them with the crime of burglary by breaking and entering a dwelling house of Frank Baker and taking therefrom certain household goods and other articles of value. Appellant was tried separately and sentenced to five years in the state penitentiary. Broyles testified for the Commonwealth implicating appellant with the commission of the crime. The only

question presented on this appeal is whether or not the evidence of the accomplice, Broyles, was sufficiently corroborated under the provisions of section 241 of the Criminal Code of Practice.

On December 16, 1942, Baker moved from Tennessee to Paducah, or near the city limits of Paducah, and the driver of the moving van employed appellant and Broyles to help him unload the furniture at the house into which Baker was moving. On that night the house was broken into and the personal property described in the indictment was taken therefrom, including a pistol, Christmas presents, money, a clock, and numerous other articles. In the early morning of December 20 the police officers of the city of Paducah, having a warrant of arrest for appellant and Broyles charging them with the offense of attempted rape, located them in the home of Tommie Fox, who was then in a hospital. It appears that with the permission of Fox, Broyles was occupying his home while he, Fox, was absent. When the officers arrived at the Fox home, they knocked on the door and informed the occupants that they were officers and asked them to open the door, and while Broyles was opening the door appellant escaped through a window but was subsequently apprehended. The officers entered the Fox home and found numerous articles which had been taken from the Baker home, including a pistol which was under a pillow and a clock between the pillows of the bed that appellant and Broyles occupied.

Broyles testified that he and appellant broke into the Baker home and took therefrom the personal property referred to above and brought it to the Fox home. Appellant denied having any connection with or knowledge of the commission of the offense, or any knowledge that the stolen property was in the Fox home, stating that he had merely accepted an invitation by Broyles to spend the night in the Fox home with him. All the facts and circumstances involved in this case and the law applicable thereto are the same as that in the case of Wayne Orndorff v. Commonwealth, 294 Ky. 344, 171 S. W. (2d) 984, involving a charge of storehouse breaking, wherein we held that the evidence of the accomplice witness was sufficiently corroborated and affirmed the judgment. Since the facts in the two cases are the same with respect to the sufficiency of the corroborative evidence, it becomes unnecessary to repeat them in this case.

350

Wherefore, the judgment is affirmed upon authority of the case, supra.